**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

**Case No.:**

PETER'S PIZZERIA LLC,  a Florida
Limited Liability Company; and PETER
IZZO, an individual.

       **Plaintiff,**

**V.**

JOHN DOE, and OTHER UNKNOWN
CYBERPIRATES To Be Named,

       **Defendants.**

_____/

## COMPLAINT

**CYBERPIRACY; INJURY TO BUSINESS REPUTATION; DILUTION**

Plaintiff Peter's Pizzeria, LLC, a Florida Limited Liability Company, ("Peter's Pizza"), and Plaintiff brings this action against John Doe, and other Unknown Cyberpirates and Cybersquatters to be named Defendants (collectively the "Defendant").  The Plaintiffs will upon discovery of the names of the John Doe Defendants, or otherwise move *ex parte* for a temporary restraining order and a preliminary injunction either against the Defendants or the media platforms permitting the violations of law complained of herein.

Plaintiffs allege as follows, upon actual knowledge with respect to itself and its own acts, and on information and belief as to all other matters.

### SUBJECT MATTER JURISDICTION AND VENUE

1. This is an action for cybersquatting under 15 U.S.C. § 1125(d), cyberpiracy under 15 U.S.C. § 8131, cyberpiracy under 15 U.S.C. § 1125(d), trademark and trade name infringement under Florida Statutes § 495.151, false designation of origin under 15 U.S.C. § 1125(a), and trade name dilution under Florida Statutes § 495.151.

2. This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

3.  This Court has supplemental jurisdiction over the claims in this Complaint that arise under the statutory and common law of the State of Florida pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District, and the Plaintiffs reside in this District, and the Defendants posted counterfeit and defamatory social media posts which were published and accessed in this District.

## Parties And Personal Jurisdiction

5.  Plaintiff Peter's Pizzeria, LLC, ("Peter's Pizza") is a Florida Limited Liability Company with a principal place of business 897 E Palmetto Park Rd, Boca Raton, FL 33432, in the Southern District of Florida and other locations in Florida.

6.  Plaintiff Peter Izzo is the principal owner and manager of Plaintiff and a resident of the Southern District of Florida.

7.  The Defendants have committed wrongful acts in this District and by such acts should expected to be haled into the courts of this District.

## Plaintiffs' Business

8.  Plaintiff Peter's Pizza has established trade names and trade use of its logo and social media presence to identify and distinguish its products and services.

9.  Plaintiff Peter's Pizza has spent substantial sums each year promoting and advertising the various products and services offered by Plaintiff and promoting its brand and trade name.

10. Substantial amounts of time, effort, and money have been expended in ensuring that the public associates Plaintiff Peter's Pizza's marks exclusively with the Plaintiff entities.

11. Plaintiff Peter's Pizza's logos and marks are unique and distinctive and, as such, designate a single source of origin. See **Exhibit A.**

12. As a result of the Plaintiff entities extensive and exclusive use, the Plaintiff logos and marks have developed goodwill in the market and are valuable to the Plaintiff entities.

13. Plaintiff Peter's Pizza's and marks have become assets of the Plaintiff entities and are an

enforceable trade name under F. S. § 495.151.

14. Plaintiff Peter's Pizza has established the name of its principal manager Plaintiff Peter Izzo as a protected mark and the name "Peter Izzo" is protected under Federal Law and Florida law.

15. The Plaintiff Peter Izzo's name, which is protected as a mark under Federal Law, is protected under 15 U.S.C. § 1125(d) against the exact type of cyberpiracy being perpetrated here.

## The Defendants Internet Smear Campaign

16. On or about December 22, 2022 and continuing through the time of the filing of this complaint, the Defendants undertook a course of action and campaign specifically intended to malign the businesses the Plaintiff entities, the logos, marks and tradenames of and its principal officer Peter Izzo.

17. To that end, on or about December 22, 2022, the Defendants created a false and fraudulent Instagram Social Media Account in the name of "PETERS PIZZA" that purported to be that of the Plaintiff Peter's Pizza and began to post derogatory and defamatory posts about the Plaintiff's business and Peter Izzo. See **Exhibit B composite**. (which is redacted to remove the false and derogatory information but will be submitted of record in its unredacted format at the appropriate time.)

18. The Infringing Social Media Account was and is a domain name. To undertake the smear campaign, the Defendants registered, maintained or used the Infringing Domain Name https://www.instagram.com/peters_pizza_/. (the "Infringing Domain Name").

19. As is evident in **Exhibit B**, the Defendants cyber-pirated the Plaintiff's Instagram Social Media Account and cyberpirated the name of Peter Izzo.

20. The above accounts and others yet to be discovered by the Plaintiffs shall be collectively referred to herein as the "Infringing Social Media Account".

21. As is seen in **Exhibit B,** the Defendants have stolen, copied and used the logos, marks and tradenames of the Plaintiff Peter's Pizza entities.

22. The Infringing Social Media Account usurped from the Plaintiff entities either directly take

the name of the Plaintiff's businesses or are confusingly similar to the Plaintiff's businesses and logos, marks and tradenames.

23. The actions of the Defendants were undertaken in bad faith and specifically done to malign, slander or otherwise damage the reputation of the Plaintiff.

24. At no time has the Plaintiff consented to or desire their names, logos, marks and tradenames to be associated in any direct or indirect way with the Defendants.

25. Plaintiffs have not authorized Defendants to use in any way, or register as part of any of Plaintiffs' names, logos, marks or tradenames.

26. The Infringing Social Media Account are substantially indistinguishable from, and thus counterfeits of, Plaintiffs' names, logos, marks or tradenames.

### Harm To Plaintiffs And The General Public

27. Defendants' unauthorized registration and use of the Infringing Social Media Account is or was likely to cause confusion, mistake, and deception as to the source or origin of the Infringing Social Media Account, and is or was likely to falsely suggest a sponsorship, connection, license, or association of Defendants and the Infringing Social Media Account with Plaintiffs businesses.

28. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an inherent interest in being free from confusion, mistake, and deception.

29. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and Plaintiffs' names, logos, marks or tradenames.

30. In response to the actions of the Defendants the Plaintiffs have been required to retain the services of undersigned counsel in this matter and have agreed to pay undersigned counsel a reasonable fee for the services necessitated by the Defendants actions.

### COUNT I

### Plaintiff Peter Izzo

### Cyberpiracy Protections For Individuals Under 15 U.S.C. § 8131

31. Plaintiff Peter Izzo realleges and incorporate by reference Paragraphs 1 through 30 as

though fully set forth here.

32. Defendants registered, maintained or used the Infringing Domain Name https://www.instagram.com/peters_pizza_/. The "Infringing Domain Name".

33. The Infringing Domain Name uses the name of the Plaintiff Peter Izzo.

34. Defendants registered, maintained or used the Infringing Domain Name without Plaintiff Peter Izzo's consent.

35. The Infringing Domain Name is not related to a work of authorship protected under Title 17, including a work made for hire as defined in section 101 of Title 17,

36. The Defendants are not the copyright owner or licensee of any work, and the Defendants did not and do not intend to sell the domain name in conjunction with the lawful exploitation of any work.

37. By reason of Defendants' acts, the Defendants have violated 15 U.S.C. § 8131.

38. Plaintiffs' remedy at law is not adequate.

39. Plaintiff demands that this Honorable Court award injunctive relief, including the forfeiture or cancellation of the domain name or the transfer of the domain name to the Plaintiff.

40. This is an exceptional case and due to the bad faith motive of the Defendants and the failure to transfer the domain name on demand, the Plaintiff requests that the Court award attorney's fees and costs to the Plaintiff for the necessity of bringing this action.

## <u>COUNT II</u>
### <u>Plaintiff Peter Izzo</u>
**Cyberpiracy Prevention for Individuals Under 15 U.S.C. § 1125(d)**

41. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 30 as though fully set forth here.

42. Defendants registered, maintained or used the Infringing Social Media Account and Infringing Domain Names with a bad-faith intent to malign, disparage and otherwise profit from Plaintiffs' names, logos, marks or tradenames.

43. One or more of Defendants is or was the registrant or the registrant's authorized licensee or user of each of the Infringing Domain Names and Infringing Social Media Account.

44. The Infringing Domain Names and Infringing Social Media Account are identical or confusingly similar to Plaintiffs' names, logos, marks or tradenames.

45. Plaintiffs' names, logos, marks or tradenames are distinctive to the Plaintiffs.

46. Plaintiff Peter Izzo's name is famous and qualifies as a mark under Federal law due to his appearances on national television.

47. Defendants do not have any intellectual property rights or any other rights in Plaintiffs' names, logos, marks or tradenames.

48. None of the Infringing Domain Names or Infringing Social Media Account consist of the legal name of any of the Defendants, or a name that is otherwise commonly used to identify any of the Defendants.

49. Defendants have not made any prior use of any of the Infringing Domain Names or Infringing Social Media Account in connection with the bona fide offering of any goods or services.

50. Defendants have not made any bona fide fair use of Plaintiffs' names, logos, marks or tradenames on a website accessible under any of the Infringing Domain Names or Infringing Social Media Account.

51. Defendants registered and used the Infringing Domain Name "peters pizza" to divert consumers from Plaintiffs' websites to a website accessible under the Infringing Domain Names or Infringing Social Media Account by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website.

52. Defendants provided material and misleading false contact information, or failed to provide any accurate or meaningful contact information when registering the Infringing Social Media Account.

53. Plaintiffs' names, logos, marks or tradenames are protected within the meaning of 15 U.S.C. Section 1125.

54. Defendants' registration, use, or trafficking in the Infringing Domain Names and Infringing Social Media Account constitutes cyberpiracy in violation of 15 U.S.C. § 1125(d), entitling Plaintiffs to relief.

55. By reason of Defendants' acts alleged herein, Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

56. By reason of Defendants' acts alleged herein, Plaintiffs are entitled to recover Defendants' profits, actual damages and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by Plaintiffs, in an amount of up to one hundred thousand dollars ($100,000) for each domain name found to constitute cybersquatting.

57. This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**COUNT III**

**Plaintiff Peter's Pizza**

**False Designation of Origin Under 15 U.S.C. § 1125(a)**

58. Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 30 of this Complaint as though fully set forth here.

59. Defendants' use in commerce of Plaintiffs' names, logos, marks or tradenames and variations thereof and the Infringing Domain Names and Infringing Social Media Account is likely to cause confusion, or to cause mistake, or to deceive the relevant public that the Infringing Domain Names and Infringing Social Media Account and the websites and advertisements displayed at the Infringing Domain Names and Infringing Social Media Account are authorized, sponsored or approved by or are affiliated with Plaintiffs.

60. Defendants' use of Plaintiffs' Marks and variations thereof and the Infringing Domain Names and Infringing Social Media Account is likely to cause confusion among the general public.

61. The above-described acts of Defendants constitute infringement of Plaintiffs' names, logos, marks or tradenames and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiffs to relief.

62. By reason of Defendants' acts alleged herein, Plaintiffs have suffered damage to the goodwill associated with Plaintiffs' names, logos, marks or tradenames.

63. Defendants' activities have irreparably harmed and, if not enjoined, will continue to

irreparably harm Plaintiffs and Plaintiffs' Marks.

64. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

65. By reason of Defendants' acts alleged herein, Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to entry of a temporary restraining order against Defendants and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

66. By reason of Defendants' willful acts, Plaintiffs are entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

67. This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT IV

### Plaintiff Peter's Pizza

### Dilution Under Florida Statutes § 495.151

68. Plaintiffs reallege and incorporate by reference each of the allegations contained in Paragraphs 1 through 30 of this Complaint as though fully set forth here.

69. Defendants have used in commerce Plaintiffs' names, logos, marks or tradenames in connection with matters unrelated to the business of the Plaintiffs.

70. Defendants' use of the Infringing Domain Names as well as the Plaintiffs logos is likely to cause injury to Plaintiffs' business reputation and/or dilute the distinctive quality of the Plaintiffs' names, logos, marks or tradenames in violation of Florida Statutes § 495.151.

71. There exists a likelihood of injury to business reputation or of dilution of the distinctive quality of the mark, trade name, label or form of advertisement of the prior user, notwithstanding the absence of competition between the parties or of confusion as to the source of goods or services.

72. The above-described acts of Defendants constitute dilution in violation of Florida Statutes § 495.151, entitling Plaintiffs to relief.

73. By reason of Defendants' acts alleged herein Plaintiffs have suffered damage to the goodwill associated with Plaintiffs' names, logos, marks or tradenames and have suffered and will continue to suffer irreparable harm.

74. By reason of Defendants' acts alleged herein, Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to entry of a temporary restraining order against Defendants and preliminary and permanent injunctive relief.

**REQUEST FOR RELIEF**

Therefore, Plaintiffs collectively respectfully request judgment as follows:

1) That a temporary restraining order and preliminary injunction be entered, enjoining Defendants, their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with Defendants, from engaging in the following activities:

   a) Destroying, altering, secreting, transferring, or otherwise disposing of any records of their business activities, whether on paper, in electronic format, or on any other medium, and including without limitation all accounting records and all logs or other documents relating to selecting, registering, trafficking in, monetizing, releasing, assigning, renewing, deleting, transferring, using, or maintaining the Infringing Domain Names or Infringing Social Media Account or any domain name or social media account that is a counterfeit of, confusingly similar to, or likely to dilute Plaintiffs' names, logos, marks or tradenames;

   b) Allowing any records of their business activities relating to selecting, registering, trafficking in, monetizing, releasing, assigning, renewing, deleting, transferring, using, or maintaining any of the Infringing Domain Names or Infringing Social Media Account or any domain name that is a counterfeit of or confusingly similar to, or likely to dilute any trademark owned by Plaintiffs to be destroyed, altered, secreted, transferred, or otherwise disposed of in the course of business or business activities, and shall instead take all affirmative steps necessary to capture and record all such records, whether by copying, collection, backup, or otherwise, either on paper, in electronic format, or on some other medium;

c)   Registering, trafficking in, and using, in any manner, the Infringing Domain Names, or Infringing Social Media Account or any other domain names that are counterfeits of, confusingly similar to, or likely to dilute Plaintiffs' names, logos, marks or tradenames, or any other marks owned by Plaintiffs;

d)   Transferring, releasing, deleting, and assigning the Infringing Domain Names or Infringing Social Media Account any other domain names that are counterfeits of, confusingly similar to, or likely to dilute Plaintiffs' names, logos, marks or tradenames, or any other marks owned by Plaintiffs;

e)   Using any of Plaintiffs' names, logos, marks or tradenames, or any other name, mark, designation or depiction in a manner that is likely to cause confusion whether Defendants are affiliated or associated with or sponsored by Plaintiffs, or that is likely to dilute the distinctiveness of Plaintiffs' names, logos, marks or tradenames, or any other marks owned by Plaintiffs;

f)   Registering any domain name without providing complete and accurate contact information, including Defendants' full legal names as the registrants, and not maintaining complete and accurate contact information, including Defendants' full legal name and address as the registrant.

g)   Engaging in tradename infringement, tradename dilution, counterfeiting, unfair competition, false designation of origin, passing off, and false advertising against Plaintiffs or misappropriation of Plaintiffs' names, logos, marks or tradenames rights;

h)   Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above; and

2)   That the Registry for all of the Infringing Domain Names, or Infringing Social Media Account "lock" the Infringing Domain Names or Infringing Social Media Account and in particular the Instagram Account "peters_pizza" currently owned by Defendants to prevent their transfer or deletion by Defendants, and deposit with the Court documents sufficient to establish the Court's control and authority regarding the disposition of the registration

and use of the domain names or social media account pending the outcome in this case, and remove such domain names from its zone files so that the domain names no longer resolve to active websites.

3) That the Court enter a final judgment that Defendants have:

    a)    violated Plaintiff Peter Izzos' rights in violation of 15 U.S.C. § 8113; 15 U.S.C. § 1125(d),

    b)    violated Plaintiff Peter's Pizza's rights in Plaintiffs' names, logos, marks or tradenames, in violation of 15 U.S.C. § 1125(d);

    c)    violated Plaintiff Peter's Pizza's rights in Plaintiffs' names, logos, marks or tradenames, in violation of 15 U.S.C. § 1125(a);

    d)    violated Plaintiff Peter's Pizza's rights in violation of Florida Statutes § 495.151; and,

    e)    violated the Florida common law.

4) And that the Court enter a Final Judgment:

    a)    Permanently enjoining Defendants, their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with Defendants, from engaging in the activities described in Paragraphs 1 (a) - (h) of this request for relief;

    b)    Ordering Defendants to transfer every domain name and Infringing Social Media Account they own or control, directly or indirectly, or that was registered at their direction, request, or instruction, that is identical, confusingly similar to, and/or likely to dilute the distinctiveness of Plaintiffs' names, logos, marks or tradenames to the Plaintiffs;

    c)    Ordering Defendants to engage in corrective advertising at their own expense to the extent necessary to correct any consumer confusion or misperceptions resulting from Defendants' unlawful acts complained of;

    d)    Ordering Defendants to account to Plaintiffs for, and disgorge, all profits they have derived by reason of the unlawful acts complained of above;

e)   Ordering Defendants to pay damages, and that those damages be trebled, under 15 U.S.C. § 1117 and Florida Statutes § 495.141;

f)   Ordering Defendants to pay statutory damages under 15 U.S.C. § 1117(d), on election by Plaintiffs, award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just for each domain name found to constitute cybersquatting;

g)   Ordering Defendants to pay Plaintiffs' reasonable attorney fees, prejudgment interest, and costs of this action under 15 U.S.C. § 1117;

h)   Ordering Defendants to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment within thirty (30) days after the service of the injunction and judgment upon Defendants;

i)   Ordering Defendants to pay punitive damages in an amount to be determined, based upon the foregoing acts of Defendants; and

j)   Granting Plaintiffs such other relief as the Court may deem appropriate.


Respectfully submitted,

**Baron, Breslin & Sarmiento**
**Fl. Rule of Jud. Admin. 2.516 Notice**
**Primary email: EService@RichardBaronLaw.com**
**Secondary Email: JB@RichardBaronLaw.com**

**s/ Jerry Breslin**
***Filed of Record via Eportal***

Jerry Breslin Esq.
Fla. Bar # 269573
Email: JB@RichardBaronLaw.com
Baron, Breslin & Sarmiento, Attorneys at Law
The DuPont Building
169 East Flagler Street
Suite 700
Miami, Fl 33131
Tel.: 305-577-4626
Fax.: 305-577-4630

**/s/ Jonathan Noah Schwartz, Esq.**

Jonathan Noah Schwartz, Esq.
Florida Bar No. 1014596
Jonathan Schwartz Law PLLC
The DuPont Building
169 East Flagler Street
Suite 700
Miami, Fl 33131
Tel.: (973) 936-2176
Fax: (786) 338-7435
E-mails: jschwartz@jonschwartzlaw.com
JNSEsquire@gmail.com

# EXHIBIT A

‹ **peters_pizzeria**

**peters_pizzeria**   Follow   **Message**   +⚬   •••



**136** posts        **2,346** followers        **9** following

**Peters Pizzeria**
Pizza place
Buon Giorno Ragazzi!
Quality Pizza, Served by The Slice 🍕
Boca Raton, Port St. Joe, & Pompano (coming soon).
mypeters.com

    

⊞ POSTS          ▷ REELS          ⊡ TAGGED

peters_pizzeria



peters_pizzeria



# EXHIBIT B

**Exhibit B**

# peters_pizza_

**7** Posts  **83** Followers  **592** Following

There will be casualties in the restaurant trade as a result of the current economic turmoil; I sincerely hope Peter's Pizzeria is one of them. 💀

Follow  Message



Narcissist


The REAL Peter Izzo


Peter Izzo is


Peter Izzo is a scum bag ...t's all on security camera. The ... rced ... He's sick in the head.



Amy Myers
4 reviews
⭐ a year ago

Place is a dive hole in wall. The bathroom was filthy even saw a roach scurrying across the floor. I ordered food however when I noticed how this place has been neglected(dust all over the place, dirty counters, filthy restrooms, food all ... More

👍 7

Derick Gentile
1 review
⭐ 2 years ago

Just gonna begin this review by saying this place is ABSOLUTELY TERRIBLE. Paolo's that used to be in this location was a go to spot for many Boca locals and it


WARNING Peter Izzo


BRAGGING AFTER

peters_pizza_
Boca Raton, Florida

···



19 likes

**peters_pizza_** Meet Peter Izzo! He's a pathological liar and a gaslighting narcissist.

#warning #peterizzo
#peterspizza #peterspizzeria #watch #follow #fyp #facts

peters_pizza_
Boca Raton, Florida

•••

## Peter Izzo is a scum bag

He's sick in the head.

18 likes

peters_pizza_ ⚠️ Warning: ███████ Please share to help raise awareness and stop creeps like this! ⚠️ #peterizzo #peterspizzeria

View all 5 comments

5 days ago

peters_pizza_
Peter's Pizzeria

•••

peters_pizza_
Boca Raton, Florida

•••



16 views

**peters_pizza_** People often misrepresent themselves. #peterizzo #peterspizzeria

#pizzapete #narcissist #fyp #explorepage #boca #soflo #narcissisticabuse▮▮▮▮▮▮▮▮bocaraton #warning



897 E Palmetto Park Rd, Boca Raton, FL 33432

## 🌈📍 PETER'S PIZZERIA



**Features**

♦️🧷 Classy

**Health score**  Verified by Hazel Analytics

**Follow-up Required**

Violations: 5 reported

*HEALTH CODE VIOLATION*



Send message ♥ ✈

9:39

# peters_pizza_

**7** Posts   **82** Followers   **601** Following

There will be casualties in the restaurant trade as a result of the current economic turmoil; I sincerely hope Peter's Pizzeria is one of them. 💀

Follow    Message



Peter







The REAL Peter Izzo

Peter Izzo is a scum



WARNING Peter Izzo

Amy Myers
4 reviews
⭐ a year ago
Place is a dive hole in wall. The bathroom was filthy even saw a roach scurrying across the floor. I ordered food however when I noticed how this place has been neglected(dust all over the place, dirty counters, filthy restrooms, food all … More
👍 7

Derick Gentile
1 review
⭐ 2 years ago
Just gonna begin this review by saying this place is ABSOLUTELY TERRIBLE. Paolo's that used to be in this location was a go to spot for many Boca locals and it

BRAGGING AFTER

