UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

Case No.: 0:23-cv-60009-FAM

**PETER'S PIZZERIA LLC, a Florida Limited Liability Company; and PETER IZZO, an individual,**

    Plaintiff,

V.

**JOHN DOE, and OTHER UNKNOWN CYBERPIRATES to be Named,**

    Defendants.

_____/

## PLAINTIFFS' MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

Plaintiff Peter's Pizzeria, LLC, a Florida limited liability company ("Peter's Pizza"), and Plaintiff Peter Izzo, an individual, pursuant to the Court's powers under 15 U.S.C. § 1116 and Rules 30, 34 and 65 of the Federal Rules of Civil Procedure, hereby request that this Honorable Court use its inherent powers pursuant to the rules of equity to issue an *ex parte* temporary restraining order and, upon expiration of the temporary restraining order, a preliminary injunction.

The Plaintiffs file contemporaneously herewith the Plaintiffs Memorandum of Law and Declaration of Peter Izzo in support of the requested relief.

### Introduction

1. This is a motion seeking an *ex parte* temporary restraining order on an underlying action for cybersquatting under 15 U.S.C. § 1125(d), cyberpiracy under 15 U.S.C. § 8131, cyberpiracy under 15 U.S.C. § 1125(d), trademark and trade name infringement under Section 495.151 of the Florida Statutes, false designation of origin under 15 U.S.C. § 1125(a), and trade name dilution under Section 495.151 of the Florida Statutes.

2. This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

3. This Court has supplemental jurisdiction over the claims in the operative Complaint that arise under the statutory and common law of the State of Florida pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4. Peter's Pizza is a Florida limited liability company with a principal place of business at 897 E Palmetto Park Rd, Boca Raton, FL 33432, in the Southern District of Florida and other locations in Florida.

5. Plaintiff Peter Izzo is the principal owner and manager of Peter's Pizza, and a resident of the Southern District of Florida.

6. The Defendants have committed wrongful acts in this District, and by such acts should expected to be haled into the courts of this District.

7. Non-party, Instagram, a social media platform owned by Meta Platforms, Inc., administers the offending Infringing Domain Name: https://www.instagram.com/peters_pizza_/. (the "Infringing Domain Name")

**Plaintiffs' Business**

8. Plaintiff Peter's Pizza has established trade names and trade use of its logo and social media presence to identify and distinguish its products and services.

9. Plaintiff Peter's Pizza has spent substantial sums each year promoting and advertising the various products and services offered by Plaintiff and promoting its brand and trade name.

10. Substantial amounts of time, effort, and money have been expended in ensuring that the public associates Plaintiff Peter's Pizza's marks exclusively with the Plaintiffs.

11. Plaintiff Peter's Pizza's logos and marks are unique and distinctive and, as such, designate a single source of origin. *See* **Exhibit A.**

12. As a result of Peter's Pizza's extensive and exclusive use, its logos and marks have developed goodwill in the market and are valuable to Peter's Pizza

13. Plaintiff Peter's Pizza's and its marks have become assets of it and are enforceable trade names under Section 495.151 of the Florida Statutes.

14. Plaintiff Peter's Pizza has established the name of its principal manager Plaintiff Peter Izzo

15. as a protected mark, and the name "Peter Izzo" is protected under Federal law and Florida law.

15. Plaintiff Peter Izzo's name, which is protected as a mark under Federal law, is protected under 15 U.S.C. § 1125(d) against the exact type of cyberpiracy being perpetrated here.

### The Defendants' Internet Smear Campaign

16. On or about December 22, 2022, and continuing through the time of the filing of the operative Complaint, the Defendants undertook a course of action and campaign specifically intended to malign the business of Peter's Pizza, including its logos, marks and tradenames and those of its principal officer Peter Izzo.

17. To that end, on or about December 22, 2022, the Defendants created a false and fraudulent Instagram social media account in the name of "PETERS PIZZA" that purported to belong to and be that of the Plaintiff Peter's Pizza, and began to post derogatory and defamatory posts about Plaintiff Peter's Pizza's business and Peter Izzo. *See* **Composite Exhibit B** (which is redacted to remove the false and derogatory information but will be submitted of record in its unredacted format at the appropriate time).

18. The infringing social media account was and is a domain name. To undertake the smear campaign, the Defendants registered, maintained or used the infringing domain name.

19. As is evident in **Exhibit B**, the Defendants cyber-pirated the Plaintiff's Instagram social media account and cyberpirated the name of Peter Izzo.

20. The above accounts and others yet to be discovered by the Plaintiffs shall be collectively referred to herein as the "Infringing Social Media Account."

21. Plaintiff Peter Izzo has achieved celebrity as a participant in a nationwide TV series. **Exhibit C.**

22. As is seen in **Exhibit B,** the Defendants have stolen, copied and used the logos, marks and tradenames of Plaintiff Peter's Pizza entities and Peter Izzo's personal social media accounts, and has taken images of Peter Izzo from the national media and defaced them on this .

23. The Infringing Social Media Account usurped from Peter's Pizzeria either directly takes

     the name of Plaintiff Peter's Pizza's businesses or is confusingly similar to Plaintiff Peter's Pizza's businesses and logos, marks and tradenames, and those of Plaintiff Peter Izzo.

24. The actions of the Defendants were undertaken in bad faith and specifically done to malign, slander or otherwise damage the reputation of the Plaintiffs.

25. At no time have the Plaintiffs consented to or desire their names, logos, marks and tradenames to be associated in any direct or indirect way with the Defendants.

26. The Plaintiffs have not authorized the Defendants to use in any way, or register as part of any of, Plaintiffs' names, logos, marks or tradenames.

27. The Infringing Social Media Account are substantially indistinguishable from, and thus counterfeits of, Plaintiffs' names, logos, marks or tradenames.

## Harm To Plaintiffs and the General Public

28. Defendants' unauthorized registration and use of the Infringing Social Media Account is or was likely to cause confusion, mistake and deception as to the source or origin of the Infringing Social Media Account, and is or was likely to falsely suggest a sponsorship, connection, license, or association of Defendants and the Infringing Social Media Account with Plaintiffs' businesses.

29. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm, the general public, which has an inherent interest in being free from confusion, mistake, and deception.

30. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the Plaintiffs and Plaintiffs' names, logos, marks or tradenames.

31. In response to the actions of the Defendants, the Plaintiffs have been required to retain the services of undersigned counsel in this matter and have agreed to pay undersigned counsel a reasonable fee for the services necessitated by the Defendants actions.

32. As discussed in detail in Plaintiffs' supporting memorandum of law, the requested injunctive relief is necessary to prevent further irreparable harm to the Plaintiffs and Plaintiffs' Marks by putting an immediate halt to Defendants' counterfeiting and cyberpiracy activities. The requested relief is also necessary to prevent the loss, destruction,

and movement of crucial evidence concerning Defendants' counterfeiting and cyberpiracy activities, the co-conspirators of the Defendants in these illegal activities, and the extent of the damages to the Plaintiffs.

33. Unless the requested relief is granted, the Defendants are highly likely to destroy evidence or move evidence, thereby frustrating Plaintiffs' prosecution of this case.

34. In support of this Motion, the Plaintiffs submit a supporting Memorandum of law, the Declarations of Peter Izzo, and also rely on their Complaint, the contents of the Court's file to date, and such further evidence and argument as may be presented at the hearing on their Motion.

35. The Plaintiffs have established their right to a temporary restraining order and a preliminary injunction pursuant to Fed. R. Civ. P. 65 and applicable case law.

36. Specifically, the Plaintiffs have established: (1) a substantial likelihood of success on their claims for cybersquatting under 15 U.S.C. § 1125(a) and (d), and Tradename dilution under F. S. § 495.151; (2) there is a substantial threat of irreparable injury to Plaintiffs if the injunctive relief is not granted; (3) the threatened injury to Plaintiffs far outweighs the harm an injunction may cause Defendants; and (4) the requested injunction would not disserve the public interest.

37. Moreover, the temporary restraining order should be granted *ex parte* to prevent the destruction, concealment, or transfer of evidence if the Defendants received advance notice of this action or this Motion.

## A Bond, If Required, Should Be Minimal

38. If the Court believes that the Plaintiffs must post a bond, a minimal bond will suffice. As discussed in Plaintiffs' Memorandum of Law in support of this Motion, the Defendants have no legitimate business interests in counterfeiting names, cyberpiracy, logos, marks and tradenames and their unlawful scheme.

39. Further, for the brief period from now until the preliminary injunction hearing, the Defendants' losses from being unable to counterfeit and infringe Plaintiffs' names, logos, marks and tradenames will be *de minimus.*

40. Accordingly, if the Court believes a bond is necessary, the Plaintiffs propose an amount of $1,000.

## Conclusion

The Plaintiffs respectfully submit that, pursuant to the Court's powers under 15 U.S.C. § 1116 and Rules 30, 34, and 65 of the Federal Rules of Civil Procedure and its inherent powers pursuant to the rules of equity, the Court should grant this Motion for *Ex parte* Temporary Restraining Order and for Preliminary Injunction, and schedule a hearing on Plaintiffs' Motion for Preliminary Injunction before the expiration of the *ex parte* Temporary Restraining Order, by directing entry of the attached proposed Order.

## Request For Relief

Therefore, the Plaintiffs collectively respectfully request judgment as follows:

1) That a temporary restraining order and preliminary injunction be entered, enjoining Defendants, their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with Defendants, from engaging in the following activities:

   a) Destroying, altering, secreting, transferring, or otherwise disposing of any records of their business activities, whether on paper, in electronic format, or on any other medium, and including without limitation all accounting records and all logs or other documents relating to selecting, registering, trafficking in, monetizing, releasing, assigning, renewing, deleting, transferring, using, or maintaining the Infringing Domain Names or Infringing Social Media Account or any domain name or social media account that is a counterfeit of, confusingly similar to, or likely to dilute Plaintiffs' names, logos, marks or tradenames;

   b) Allowing any records of their business activities relating to selecting, registering, trafficking in, monetizing, releasing, assigning, renewing, deleting, transferring, using, or maintaining any of the Infringing Domain Names or Infringing Social Media Account or any domain name that is a counterfeit of or confusingly similar to, or likely to dilute any trademark owned by Plaintiffs to be destroyed, altered, secreted, transferred, or otherwise disposed of in the course of business or business

activities, and shall instead take all affirmative steps necessary to capture and record all such records, whether by copying, collection, backup, or otherwise, either on paper, in electronic format, or on some other medium;

c) Registering, trafficking in, and using, in any manner, the Infringing Domain Names, or Infringing Social Media Account or any other domain names that are counterfeits of, confusingly similar to, or likely to dilute Plaintiffs' names, logos, marks or tradenames, or any other marks owned by Plaintiffs;

d) Transferring, releasing, deleting, and assigning the Infringing Domain Names or Infringing Social Media Account any other domain names that are counterfeits of, confusingly similar to, or likely to dilute Plaintiffs' names, logos, marks or tradenames, or any other marks owned by Plaintiffs;

e) Using any of Plaintiffs' names, logos, marks or tradenames, or any other name, mark, designation or depiction in a manner that is likely to cause confusion whether Defendants are affiliated or associated with or sponsored by Plaintiffs, or that is likely to dilute the distinctiveness of Plaintiffs' names, logos, marks or tradenames, or any other marks owned by Plaintiffs;

f) Registering any domain name without providing complete and accurate contact information, including Defendants' full legal names as the registrants, and not maintaining complete and accurate contact information, including Defendants' full legal name and address as the registrant.

g) Engaging in tradename infringement, tradename dilution, counterfeiting, unfair competition, false designation of origin, passing off, and false advertising against Plaintiffs or misappropriation of Plaintiffs' names, logos, marks or tradenames rights;

h) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above; and

2) That Instagram be ordered to "lock" the Infringing Domain Names or Infringing Social Media Account and in particular the Instagram Account "peters_pizza" currently

controlled by Defendants to prevent its transfer or deletion by Defendants, and deposit with the Court documents sufficient to establish the Court's control and authority regarding the disposition of the control and use of the domain names or social media account pending the outcome in this case, and remove such domain names from its files so that the domain names no longer resolves to an active website or social media account.

        Respectfully submitted,

        **Baron, Breslin & Sarmiento**
        **Fl. Rule of Jud. Admin. 2.516 Notice**
        **Primary email: EService@RichardBaronLaw.com**
        **Secondary Email: JB@RichardBaronLaw.com**

        **s/ Jerry Breslin**
        *Filed of Record via Eportal*

        Jerry Breslin Esq.
        Fla. Bar # 269573
        Email: JB@RichardBaronLaw.com
        Baron, Breslin & Sarmiento, Attorneys at Law
        The DuPont Building
        169 East Flagler Street
        Suite 700
        Miami, Fl 33131
        Tel.: 305-577-4626
        Fax.: 305-577-4630

        **/s/ Jonathan Noah Schwartz, Esq.**

        Jonathan Noah Schwartz, Esq.
        Florida Bar No. 1014596
        Jonathan Schwartz Law PLLC
        The DuPont Building
        169 East Flagler Street
        Suite 700
        Miami, Fl 33131
        Tel.: (973) 936-2176
        Fax: (786) 338-7435
        E-mails: jschwartz@jonschwartzlaw.com
        JNSEsquire@gmail.com